UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ANTHONY LEBOEUF,<br><br>　　　　　Defendant. | Case No. 19-cr-209 PJH<br><br>**ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 60, 73 |

Before the court is the renewed motion of defendant Michael Anthony LeBoeuf for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Defendant, through appointed counsel, first filed a motion for compassionate release on August 5, 2020. See Dkt. 37. That motion was denied by the court. See Dkt. 59. Subsequently, defendant filed a pro se renewed motion for compassionate release. See Dkt. 60. Counsel was then appointed for defendant, and appointed counsel filed a renewed motion for compassionate release. See Dkt. 73. The government filed an opposition to the renewed motion, and defendant's counsel filed a reply. See Dkt. 86, 88. The Probation Office also provided a response to the compassionate release motion. See Dkt. 87. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the renewed motion for compassionate release for the reasons set forth below.

I.　**BACKGROUND**

On May 20, 2019, a grand jury returned an indictment charging defendant with two

counts of Receipt of Visual Depiction of Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Counts One and Two); and one count of Possession of Visual Depiction of Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(4)(b) and (b)(2) (Count Three).  On September 4, 2019, defendant pled guilty pursuant to a written plea agreement to Counts One through Three.  On November 27, 2019, the court sentenced defendant to a term of imprisonment of 97 months on all three counts to run concurrently; a 10-year term of supervised release; and a special assessment of $300.

Defendant has now served approximately 39 months in custody, and is presently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Lompoc ("FCI Lompoc"), with a projected release date of August 25, 2026.  He now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A).

## II.     DISCUSSION

### A.     Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of

30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,"[1] after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

**B.     Requirements for Relief**

As set forth above, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors.

Before the First Step Act, only the BOP director could file a motion for compassionate release. Those motions were governed by the applicable policy statement at United States Sentencing Guideline § 1B1.13. Indeed, the opening language of § 1B1.13 is: "Upon <u>motion of the Director of the Bureau of Prisons</u> under 18 U.S.C. § 3582(c)(1)(A)." (emphasis added). The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety. The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13, cmt. n.1.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13 remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., <u>United States v. Eberhart</u>, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is

---

[1] In this case, the government does not argue that defendant's motion should be denied for failure to exhaust administrative remedies, and concedes that the court should consider the merits of defendant's motion. See Dkt. 86 at 13.

not an applicable policy statement" for defendant-filed motions for compassionate release.  See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons warranting release.  See Aruda, 993 F.3d at 802.

### 1. Extraordinary and Compelling Reasons

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances."  U.S.S.G. § 1B1.13, cmt. n.1.  As discussed above, because the policy statement is not binding, courts may consider those identified circumstances, but are not bound by them.

In arguing that extraordinary and compelling circumstances are present in this case, defendant makes three arguments.  First, he argues that FCI Lompoc's "repeated failures to provide necessary medical treatment for [defendant's] chronic illnesses" constitute extraordinary and compelling circumstances.  See Dkt. 73 at 40.  Second, defendant argues that his family circumstances, specifically the health of his parents, constitute extraordinary and compelling circumstances.  See id. at 44.  And third, defendant argues that the "harsh conditions of confinement at Lompoc during the COVID-19 pandemic present additional extraordinary and compelling circumstances warranting compassionate release."  See id. at 45.

Starting with defendant's first argument, he argues his HIV-positive status, his COVID-19 infections and "long COVID" symptoms, and the gaps in his medication while in prison all combine to create a risk of serious illness, and that risk is sufficient to constitute extraordinary and compelling circumstances warranting release.  See, e.g.,

4

Dkt. 73 at 11-24, 40-44; Dkt. 88 at 4-7.  Defendant submits as evidence his medical records, including records of him requesting his prescription medication.  See Dkt. 76, 77.

In its opposition, the government argues that defendant's HIV status and long COVID symptoms are chronic medical conditions that can be adequately managed while in prison.  Dkt. 86 at 16-18.  The government further argues that the prison's medical records show that defendant was prescribed an adequate amount of his medication on a "self-carry" basis, which means that defendant would be given a 30-day supply and then would be responsible for taking it as needed.  See id. at 25.

In reply, defendant argues that his contention is not a failure to prescribe medication, but rather a failure to actually provide medication.  See Dkt. 88 at 7-8.  In essence, he argues that the medical records are not accurate in showing when he was actually provided with medication, and do not reflect multiple instances when he reported to the pill line and was told that there was nothing for him.  Id. at 8.  Defendant further alleges that gaps were also created by the seizure of his medication during "destructive locker raids."  Id.

The government also argues that adequacy of medical care is not properly the subject of a compassionate release motion, and should instead be brought as a constitutional claim under the Eighth Amendment.  See Dkt. 86 at 16-17.  While the court disagrees with a blanket rule that inadequate medical care inherently cannot be part of the "extraordinary and compelling reasons" analysis under section 3582, the court also notes that, in order to prevail on a compassionate release motion, a defendant must not only demonstrate an extraordinary and compelling reason warranting release, he must also make a separate and independent showing that a reduced sentence is consistent with the sentencing factors set forth in section 3553(a).  In cases where a defendant cannot make that latter showing, he may still seek redress of any inadequate medical care through a constitutional claim.  And, as applied to this case, before attempting to determine whether defendant's medical care qualifies as an extraordinary and compelling reason warranting release, the court will first consider the sentencing factors of section

3553(a) to assess whether they are consistent with a reduced sentence.

## 2. Section 3553(a) Factors

Considering the applicable § 3553(a) factors, the court finds that a reduction of defendant's 97-month custodial sentence to time served would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to protect the public from further crimes of the defendant, and it would create unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a). In particular, the court notes that a reduced sentence to time served would result in a sentence of only 39 months, well below the Guideline range of 78 to 97 months, and also below the mandatory minimum sentence of 60 months for defendant's offenses.

Looking to the nature and circumstances of the offense and the history and characteristics of the defendant, defendant admitted to receiving images of a minor engaged in sexually explicit conduct and possessing child pornography, and the court considered the victim statements at sentencing to find that the severity of defendant's conduct and the impact on the victims warrant the sentence that the court imposed. The government attaches documents relating to other purported victims along with its opposition brief, but because defendant's reply points out that they related to conduct that was not charged in the indictment, the court will not consider those newly-filed documents. However, even if the court confines its consideration to the conduct that defendant admitted to in his plea agreement, the court reaches the conclusion that defendant's conduct was severe and impactful and warrants a sentence within the Guideline range. See Dkt. 22. Specifically, the court notes that defendant has already received leniency in the way that the case was charged: defendant's conduct was not limited to simple possession of child pornography; he engaged in hands-on predatory conduct by persuading two minor victims to send him explicit images and possessing other images of child pornography, and also admitted to having intercourse with the

6

victims in his home, though he was not charged with enticement of a minor. See, e.g., Dkt. 59. The victim impact statements, both submitted in writing before sentencing and presented in person at the sentencing hearing, conveyed to the court the continuing psychological damage he inflicted. See, e.g., Dkt. 33 at 21:10-27:6.

Moreover, as mentioned above, a reduced sentence to 39 months would create unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. Defendant's argument that the conditions of confinement at Lompoc have made his sentence more punitive does not change the analysis, given that the class action lawsuit arising out of those conditions has now been settled and injunctive relief ordered. See Garries v. Milusnic, 2022 WL 17546590 (C.D. Cal. Dec. 11, 2022) (order approving final settlement and ordering injunctive and declaratory relief).

Thus, after again considering the section 3553(a) factors, the court concludes that they do not support the requested reduction in sentence, and accordingly, defendant's motion is DENIED. Because the section 3553(a) factors do not support the requested reduction, the court need not resolve whether defendant has demonstrated an extraordinary and compelling reason for release, either based on the adequacy of his medical care, or based on the other reasons identified in defendant's motion. In other words, even if defendant were able to demonstrate an extraordinary and compelling reason, his motion must still be denied because a reduced sentence would not be consistent with the section 3553(a) sentencing factors. Put another way, even if the court were to assume – without deciding – for purposes of this motion, that defendant had indeed established an extraordinary and compelling reason, the motion must still be denied.

### C. Home Confinement

To the extent that defendant asks the court to order release to home confinement to serve the remainder of his time in custody, the request is denied on the ground that the court has no authority to designate the place of confinement. The Ninth Circuit

recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).  As a discretionary matter, the court declines to make a recommendation to BOP concerning home confinement.

### D. Motions to seal

In connection with the motion for compassionate release, the parties have filed four motions to seal, relating to personal and private information of defendant and/or his victims.  See Dkt. 63, 76, 85, 91.  The motions to seal are GRANTED.  The parties also filed a stipulation to expand the page limits for defendant's reply brief (Dkt. 90), which is GRANTED.

## III. CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated: March 10, 2023

                                                  /s/ *Phyllis J. Hamilton*
                                        PHYLLIS J. HAMILTON
                                        United States District Judge